# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| BRIDGETON LANDFILL, LLC, | ) |
| Plaintiff, | ) Case No.: 4:20-cv-1240 |
| | ) Division No.: |
| vs. | ) |
| | ) **JURY TRIAL DEMANDED** |
| MISSOURI ASPHALT PRODUCTS, L.L.C., | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff Bridgeton Landfill, LLC ("Bridgeton Landfill"), through the undersigned counsel, for its Complaint against Defendant Missouri Asphalt Products, L.L.C. ("Missouri Asphalt"), alleges as follows:

## NATURE OF THIS ACTION

1. This is a civil action arising from environmental contamination caused by Missouri Asphalt for which Plaintiff seeks cost recovery, contribution and a declaratory judgment under Sections 107(a), 113(f) and 113(g)(2) of the Comprehensive Environmental Response, Compensation and Liability Act, as amended, 42 U.S.C. §§ 9601-9675 ("CERCLA").

2. Groundwater underneath the West Lake Landfill Superfund Site ("West Lake Landfill Site") is contaminated with "hazardous substances" as defined by Section 101(14) of CERCLA, 42 U.S.C. § 9601(14).

3. According to the United States Environmental Protection Agency ("EPA"), action to address the contamination is necessary to protect the public health and the environment.

4. Missouri Asphalt is a covered person as defined by Section 107(a)(3) of CERCLA, 42 U.S.C. § 9607(a)(3), because it currently operates an asphalt plant at the West Lake Landfill Site.

5. Bridgeton Landfill has incurred, and will continue to incur, significant response costs to investigate and otherwise respond to the hazardous substances in the groundwater underneath the West Lake Landfill Site.

6. Missouri Asphalt is responsible for the release or threatened release of hazardous substances to groundwater at the West Lake Landfill Site and, therefore, should bear the costs to respond to the resulting contamination.

7. By this action, Bridgeton Landfill seeks to recover from Missouri Asphalt the necessary costs of response that Plaintiff has incurred and will continue to incur in a manner consistent with the National Contingency Plan ("NCP"), 40 C.F.R. Part 300, *et seq.*, caused by the release or threatened release of hazardous substances that have contaminated groundwater underneath the West Lake Landfill Site.

8. Bridgeton Landfill also seeks a declaratory judgment that Missouri Asphalt is liable for future response costs or damages that will be binding on any subsequent actions to further recover response costs or damages.

**PARTIES**

9. Plaintiff Bridgeton Landfill, LLC, is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business in Arizona.

10. Defendant Missouri Asphalt Products, L.L.C., is a limited liability company organized and existing under the laws of the State of Missouri with its principal place of business in Missouri.

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 42 U.S.C. § 9613(b) because Count I seeks relief under CERCLA § 107(a), 42 U.S.C. § 9607(a), and Count II seeks relief under CERCLA § 113(f), 42 U.S.C. § 9613(f). In addition, the Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202, and Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2), authorize this Court to grant Bridgeton Landfill declaratory relief sought in Count III.

12. Venue is proper in this district under CERCLA Section 113(b), 42 U.S.C. § 9613(b), and 28 U.S.C. § 1391 because the releases, threatened releases and damages at issue occurred in Bridgeton, Missouri, which is within this judicial district, and Missouri Asphalt resides within this judicial district.

## THE WEST LAKE LANDFILL SUPERFUND SITE

13. The West Lake Landfill Site is located at 13570 St. Charles Rock Road in Bridgeton, St. Louis County, Missouri.

14. In 1990, EPA listed the West Lake Landfill Site on the Superfund National Priorities List.

15. EPA has divided the West Lake Landfill Site into three operable units, Operable Unit-1 ("OU-1"), Operable Unit-2 ("OU-2") and Operable Unit-3 ("OU-3").

16. OU-1 is comprised of two radiological disposal areas, Radiological Area 1 and Radiological Area 2, plus an adjacent area called the Buffer Zone/Crossroads Property, where erosion from Area 2 deposited radiologically-impacted materials.

17. OU-2 consists of the remainder of the West Lake Landfill Site, including several inactive landfilled areas containing sanitary waste or demolition debris that ceased operation prior to state regulation, a permitted sanitary landfill (the "Bridgeton Sanitary Landfill"), a solid waste transfer station and an asphalt plant.

18. Contaminants exceeding Maximum Contaminant Levels ("MCLs") in alluvial groundwater were identified as contaminants of concern for OU-1 and OU-2. These contaminants include arsenic, benzene, vinyl chloride, iron, manganese, chloride, total dissolved solids, fluoride and total petroleum hydrocarbons.

19. EPA has determined that additional data are needed to determine the nature, extent and source of groundwater contamination at the West Lake Landfill Site, the potential for such contamination to migrate beyond site boundaries into critical exposure pathways, the mechanisms of contaminant migration and attendant risks posed to human health and the environment. As a result, in 2017, EPA created OU-3 to address sitewide groundwater.

20. On February 6, 2019, Bridgeton Landfill, Cotter Corporation (N.S.L.) and the United States Department of Energy entered into an Administrative Settlement Agreement and Order on Consent, EPA Docket No. CERCLA-07-2018-0259, for the performance of a remedial investigation/feasibility study for OU-3 (the "OU-3 ASAOC").

21. The OU-3 ASAOC defines "OU-3" as "groundwater at or surrounding the West Lake Landfill Site that has been impacted by contaminants at the Site."

## EPA'S CONCLUSIONS OF LAW IN THE OU-3 ASAOC

22. EPA has found the West Lake Landfill Site is a "facility" as defined by Section 101(9) of CERCLA, 42 U.S.C. § 9601(9).

23. EPA has concluded the groundwater contamination found at the West Lake Landfill Site includes "hazardous substances" as defined by Section 101(14) of CERCLA, 42 U.S.C. § 9601(14).

24. EPA has concluded there have been actual or threatened "releases" of hazardous substances, including actual or threatened "releases" of hazardous substances to groundwater, at the West Lake Landfill Site as defined by Section 101(22) of CERCLA, 42 U.S.C. § 9601(22).

## MISSOURI ASPHALT'S CURRENT OPERATOR LIABILITY

25. Prior to 1993, West Lake Quarry and Material Company operated an asphalt plant at the West Lake Landfill Site.

26. On or about May 21, 1993, West Lake Quarry and Material Company entered into an Operating Agreement with Maryon Industries, Inc. ("Maryon").

27. Under the Operating Agreement, West Lake Quarry and Material Company leased the portion of the West Lake Landfill Site containing the asphalt plant (hereinafter, the "Premises") to Maryon, and granted Maryon the right to operate the asphalt plant at the Premises.

28. Under the Operating Agreement, Maryon agreed to operate the asphalt plant in compliance with all applicable laws, including all federal, state and local environmental laws.

29. In early 1993, West Lake Quarry and Material Company retained ADR/St. Louis for the purpose of removing seven underground storage tanks ("USTs") from the Premises. The removal of the USTs occurred near/around the time that the Operating Agreement was executed.

30. During the course of removal, ADR/St. Louis found several leaking tanks, including a waste oil tank, diesel tanks and petroleum tanks.

31. Soil sampling conducted at the time of removal detected, *inter alia*, benzene, toluene, ethylbenzene and xylenes.

32. By the end of 1993, ADR/St. Louis installed groundwater monitoring wells in the vicinity of the asphalt plant, and some of the wells exhibited floating free product on top of the groundwater.

33. Letters from the Missouri Department of Natural Resources to Maryon between 1994 and 2001 noted the extent of contamination had not been completely defined, and requested that Maryon submit a corrective action plan.

34. Groundwater sampling conducted in 1997 detected chlorobenzene, ethylbenzene, xylenes and diesel at the Premises.

35. On or about July 10, 2002, Missouri Asphalt succeeded to the rights and interests of Maryon under the Operating Agreement by entering into an Assignment and Assumption Agreement and Consent ("Assignment and Assumption Agreement") with Maryon.

36. Under the Assignment and Assumption Agreement, Missouri Asphalt assumed responsibility to continue the investigation and corrective action relating to the leaking underground storage tanks.

37. Under the Assignment and Assumption Agreement, Missouri Asphalt is responsible for operating the asphalt plant in compliance with all applicable laws, including federal, state and local environmental laws.

38. Missouri Asphalt currently operates an asphalt plant at the Premises.

39. Upon information and belief, Missouri Asphalt stores waste oil and other materials containing hazardous substances as defined by CERCLA Section 101(14), 42 U.S.C. § 9601(14), at the Premises.

40. There is visible staining on the ground at the Premises, and, upon information and belief, such staining is the result of releases of waste oil and other materials containing hazardous substances as defined by CERCLA Section 101(14), 42 U.S.C. § 9601(14).

41. Upon information and belief, other USTs are still located at the Premises and are contributing to groundwater contamination.

## BRIDGETON LANDFILL'S RESPONSE ACTIONS AND NCP-COMPLIANT RESPONSE COSTS

42. EPA has concluded the groundwater contamination found at the West Lake Landfill Site includes "hazardous substances" as defined by Section 101(14) of CERCLA, 42 U.S.C. § 9601(14).

43. EPA has concluded there have been actual or threatened "releases" of hazardous substances to groundwater underneath the West Lake Landfill Site as defined by Section 101(22) of CERCLA, 42 U.S.C. § 9601(22).

44. Under the OU-3 ASAOC, EPA has compelled parties, including Bridgeton Landfill, to incur response costs in undertaking response, investigation and removal activities at the West Lake Landfill Site.

45. Bridgeton Landfill has incurred and will continue to incur costs to investigate and otherwise respond to the hazardous substances detected in groundwater underneath the West Lake Landfill Site.

46. The costs Bridgeton Landfill has incurred and will continue to incur to investigate and respond to groundwater contamination at the West Lake Landfill Site are "response" costs as that term is used in Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), and defined in Section 101(25) of CERCLA, 42 U.S.C. § 9601(25).

47. The response costs Bridgeton Landfill has incurred and will continue to incur to investigate and respond to groundwater contamination at the West Lake Landfill Site are "necessary costs of response" as that phrase is used in Section 107(a) of CERCLA, 42 U.S.C. § 9607(a).

48. The response costs Bridgeton Landfill has incurred and will continue to incur to investigate and respond to groundwater contamination at the West Lake Landfill Site are consistent with the NCP as that phrase is used in Section 107(a) of CERCLA, 42 U.S.C. § 9607(a).

## COUNT I
## COST RECOVERY UNDER CERCLA 42 U.S.C. § 9607(a)

49. Plaintiff repeats and re-alleges Paragraphs 1 through 48 above, as though fully set forth herein.

50. Missouri Asphalt is a "person" as defined in Section 101(21) of CERCLA, 42 U.S.C. § 9601(21).

51. Missouri Asphalt is a covered person within the meaning of Section 107(a)(1), 42 U.S.C. § 9607(a)(1). Missouri Asphalt currently "operates" the Premises, an area located within the West Lake Landfill Site.

52.     Missouri Asphalt is responsible for complying with all laws, including federal, state and local environmental laws, in the operation of its asphalt plant at the Premises.

53.     Upon information and belief, Missouri Asphalt's operations generate wastes and other residues containing "hazardous substances" as defined in Section 101(14) of CERCLA, 42 U.S.C. § 9601(14).

54.     Upon information and belief, Missouri Asphalt is responsible for the release or threatened release of waste oil and other materials containing hazardous substances as defined by CERCLA Section 101(14), 42 U.S.C. § 9601(14) at the Premises.

55.     The West Lake Landfill Site is a "facility" as the term is defined in Section 101(9) of CERCLA, 42 U.S.C. § 9601(9).

56.     There have been actual or threatened "releases" of hazardous substances to groundwater at the West Lake Landfill Site as defined by Section 101(22) of CERCLA, 42 U.S.C. § 9601(22).

57.     Bridgeton Landfill has undertaken response actions at the West Lake Landfill Site to respond to the release or threatened release of hazardous substances to groundwater.

58.     The costs Bridgeton Landfill has incurred and will continue to incur while undertaking response actions at the West Lake Landfill Site are "response" costs as that term is used in Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), and defined in Section 101(25) of CERCLA, 42 U.S.C. § 9601(25).

59. Bridgeton Landfill's past and future response costs are "necessary costs of response" as that phrase is used in Section 107(a) of CERCLA, 42 U.S.C. § 9607(a).

60. Bridgeton Landfill's past and future response costs have been and will be incurred, to the extent necessary, in substantial compliance with the National Contingency Plan ("NCP").

61. Pursuant to Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), Missouri Asphalt is jointly and severally liable to Plaintiff, in whole or in part, for any necessary costs of response for groundwater contamination at the West Lake Landfill Site that Bridgeton Landfill has incurred or will incur in the future in substantial compliance with the NCP.

62. To date, Missouri Asphalt has not reimbursed Bridgeton Landfill for any of the response costs incurred in connection with OU-3 of the West Lake Landfill.

63. Notice of this action is being provided to the Administrator of the Environmental Protection Agency and the United States Attorney General, pursuant to 42 U.S.C. § 9613(l).

### COUNT II
### CLAIM FOR CONTRIBUTION UNDER CERCLA, 42 U.S.C. § 9613(f)

64. Bridgeton Landfill repeats and re-alleges Paragraphs 1 through 63 above, as though fully set forth herein.

65. Missouri Asphalt is a "person" as defined in Section 101(21) of CERCLA, 42 U.S.C. § 9601(21).

66. Missouri Asphalt is a covered person within the meaning of Section 107(a)(1), 42 U.S.C. § 9607(a)(1). Missouri Asphalt currently "operates" the Premises, an area located within the West Lake Landfill Site.

67. Missouri Asphalt is responsible for complying with all laws, including all federal, state and local environmental laws, in the operation of its asphalt plant at the Premises.

68. Upon information and belief, Missouri Asphalt's operations generate wastes and other residues containing "hazardous substances" as defined in Section 101(14) of CERCLA, 42 U.S.C. § 9601(14).

69. Upon information and belief, Missouri Asphalt is responsible for the release or threatened release of waste oil and other materials containing hazardous substances as defined by CERCLA Section 101(14), 42 U.S.C. § 9601(14) at the Premises.

70. The West Lake Landfill Site is a "facility" as the term is defined in Section 101(9) of CERCLA, 42 U.S.C. § 9601(9).

71. There have been actual or threatened "releases" of hazardous substances to groundwater at the West Lake Landfill Site as defined by Section 101(22) of CERCLA, 42 U.S.C. § 9601(22).

72. Bridgeton Landfill has entered into various agreements with the United States to perform response actions at the West Lake Landfill Site, including the OU-3 ASAOC, that could be deemed settlements under which Bridgeton Landfill has resolved certain of its liability for contamination at the West Lake Landfill Site.

73. The costs for which Bridgeton Landfill is liable under the various agreements with the United States constitute necessary costs of response incurred in a manner consistent with the NCP under 42 U.S.C. § 9607(a)(4)(B) to remediate hazardous substances. These costs, which include costs that Bridgeton Landfill has already

expended to address the contamination contributed to the West Lake Landfill Site by Missouri Asphalt, represent more than Bridgeton Landfill's allocable share of costs related to its releases or disposal of hazardous substances at the West Lake Landfill Site.

74. Bridgeton Landfill is entitled to contribution from Missouri Asphalt under Section 113(f) of CERCLA, 42 U.S.C. § 9613(f), for Missouri Asphalt's equitable share of all costs and damages incurred by Bridgeton Landfill that exceeds Bridgeton Landfill's equitable share of the costs for which Bridgeton Landfill is liable under its various agreements with the United States that could be deemed settlement agreements.

75. Notice of this action is being provided to the Administrator of the Environmental Protection Agency and the United States Attorney General, pursuant to 42 U.S.C. § 9613(l).

**COUNT III**
**DECLARATORY JUDGMENT UNDER FEDERAL LAW AS TO MISSOURI ASPHALT'S RESPONSIBILITY FOR PAST AND FUTURE CERCLA RESPONSE COSTS**

76. Bridgeton Landfill repeats and re-alleges Paragraphs 1 through 75 above, as though fully set forth herein.

77. An actual and substantial controversy has arisen between Bridgeton Landfill and Missouri Asphalt regarding their respective rights and obligations for the response costs that have been incurred and the response costs that will be incurred to respond to the releases of hazardous substances to groundwater at the West Lake Landfill Site.

78. Until such time as remediation of the West Lake Landfill Site is complete, additional response costs will be needed to respond to the contamination at the site.

79. Pursuant to the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201, 2202, and CERCLA § 113(g)(2), 42 U.S.C. § 9613(g)(2), Bridgeton Landfill is entitled to a declaratory judgment holding Missouri Asphalt jointly and severally liable to Bridgeton Landfill under Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), for past and future response costs incurred by Bridgeton Landfill in connection with OU-3 at the West Lake Landfill Site.

80. Pursuant to the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201, 2202, and CERCLA § 113(g)(2), 42 U.S.C. § 9613(g)(2), Bridgeton Landfill is entitled to a declaratory judgment holding Missouri Asphalt liable under Section 113(f) of CERCLA, 42 U.S.C. § 9613(f), for contribution for Missouri Asphalt's equitable share of all costs and damages incurred by Plaintiff that are deemed resolved under settlement agreements between Bridgeton Landfill and the United States.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Bridgeton Landfill, LLC, demands judgment in its favor and against Defendant Missouri Asphalt Products, L.L.C., to the extent authorized by law, as follows:

A. AS TO COUNT I, for recovery of all response costs incurred in connection with OU-3 of the West Lake Landfill Site consistent with the National Contingency Plan, including pre-judgment interest thereon as allowed by law;

B. ALTERNATIVELY, AS TO COUNT II, for contribution for all costs and damages incurred by Bridgeton Landfill in connection with OU-3 of the West Lake Landfill Site, including pre-judgment interest thereon as allowed by law, that exceed

Bridgeton Landfill's equitable share of the costs for which Bridgeton Landfill is liable under any settlement agreements with the United States;

  C. AS TO COUNT III, for a judicial declaration that Missouri Asphalt is jointly and severally liable for all response costs incurred and to be incurred in connection with OU-3 of the West Lake Landfill Site consistent with the National Contingency Plan, such judgment to be binding on any subsequent action or actions to recover further response costs or damages;

  D. ALTERNATIVELY, AS TO COUNT III, for a judicial declaration that Missouri Asphalt is liable for its equitable share of all costs and damages incurred by Bridgeton in connection with OU-3 of the West Lake Landfill Site, including pre-judgment interest thereon as allowed by law, that exceeds Bridgeton's equitable share of the costs for which Bridgeton Landfill is liable under any settlement agreements with the United States;

  E. AS TO COUNTS I and II, for attorneys' fees, to the extent provided for by law;

  F. AS TO ALL COUNTS, for all costs and expenses incurred in this action, to the extent provided for by law;

  G. AS TO ALL COUNTS, for such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated: September 11, 2020

LATHROP GPM LLP

By:   */s/ Sarah E. Lintecum*
Ron Hobbs             47669MO
7701 Forsyth Boulevard
Suite 500
Clayton, MO 63105
Telephone: 314.613.2577
Telecopier: 314.613.2801
ron.hobbs@lathropgpm.com

Allyson E. Cunningham    64802MO
Sarah E. Lintecum         66044MO
2345 Grand Boulevard, Suite 2200
Kansas City, Missouri 64108-2618
Telephone: 816.292.2000
Telecopier: 816.292.2001
allyson.cunningham@lathropgpm.com
sarah.lintecum@lathropgpm.com

Attorneys for Plaintiff
BRIDGETON LANDFILL, LLC

-15-