UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

BRIDGETON LANDFILL, LLC, et al.,   )
                      )
      Plaintiffs,       )
                      )
     vs.            )     Case No. 4:20 CV 1486 RWS
                      )
MISSOURI ASPHALT PRODS., LLC,   )
                      )
      Defendant.    )

**MEMORANDUM AND ORDER OF REMAND**

Plaintiffs ("Bridgeton") are the owners/operators of the West Lake Landfill, a Superfund site contaminated by radioactive waste from the Manhattan Project that was illegally dumped in the landfill decades ago.  Defendant Missouri Asphalt is a tenant operating an asphalt plant on the site pursuant to an operating agreement.  Bridgeton filed this action against Missouri Asphalt in Missouri state court for breach of the operating agreement, breach of a prior settlement agreement entered into between the parties, and indemnity under the terms of the operating agreement.

Missouri Asphalt removed this case to this Court, stating that "[t]his is a civil action over which the District Court for the Eastern District of Missouri has jurisdiction pursuant to [28] USC § 1332,[1] and is an action that may be removed to

---

[1] Missouri Asphalt incorrectly cites the statute as 18 U.S.C. § 1332.

this Court pursuant to 28 USC § 1441(b), in that it is a civil action between citizens

of different states . . . ."   (Doc. 1 at 2).   Missouri Asphalt's Notice of Removal also

alleges, under the section entitled "Jurisdiction," that "federal questions permeate"

the state court case because Bridgeton filed "a companion case" in this Court under

the Comprehensive Environmental Response, Compensation and Liability Act

(CERCLA), 42 U.S.C. §§ 9601-9675n.[2]   In attempting to establish diversity

jurisdiction, Missouri Asphalt (an LLC) affirmatively alleges that its members

"reside in Missouri."  (Doc. 1 at 3).

　　　Bridgeton timely[3] moves for remand on the ground that, as a Missouri

citizen, Missouri Asphalt is precluded from removing this diversity action to

federal court by the forum-defendant rule.  To the extent Missouri Asphalt attempts

to invoke federal question jurisdiction over this case, Bridgeton also asserts that

this case does not arise under federal law.  In an obvious attempt to avoid the

forum-defendant rule, Missouri Asphalt has now abandoned its position that this

Court has diversity jurisdiction and instead argues exclusively that this Court has

---

[2] That case is also assigned to me (Cause Number 4: 12 CV 1240 RWS).

[3] The motion for remand was filed on November 12, 2020, which is within "within 30 days after
the filing of the notice of removal" on October 14, 2020.  *See* 28 U.S.C. § 1447(c).  Missouri
Asphalt does not challenge the timeliness of the remand motion and there is no issue of a waiver
of this defect in the removal proceedings, recently deemed by the Eighth Circuit Court of
Appeals to be non-jurisdictional in nature.  *Holbein v. TAW Enterprises, Inc.*, 983 F.3d 1049,
1053 (8th Cir. 2020).

federal question jurisdiction over this state law contract dispute.  It does not.
Because there is no federal question jurisdiction here, the forum-defendant rule
precludes removal of this case to federal court.  The motion for remand will be
granted for the reasons that follow.

## Discussion

Federal courts are courts of limited jurisdiction.  *Kokkonen v. Guardian Life
Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  "It is to be presumed that a cause lies
outside this limited jurisdiction, and the burden of establishing the contrary rests
upon the party asserting jurisdiction." *Id.* (citations omitted).  A federal district
court may exercise removal jurisdiction only where the court would have had
original subject-matter jurisdiction had the action initially been filed there.  *Krispin
v. May Dep't Stores Co.*, 218 F.3d 919, 922 (8th Cir. 2000) (citing 28 U.S.C. §
1441(b)).  The party seeking removal and opposing remand carries the burden of
establishing federal subject-matter jurisdiction by a preponderance of the evidence.
*Kokkonen*, 511 U.S. at 377; *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 620
(8th Cir. 2010).  Generally, a court must resolve all doubts about federal
jurisdiction in favor of remand to state court.  *Id.*

Missouri Asphalt's Notice of Removal invokes this Court's diversity
jurisdiction, which vests district courts with original jurisdiction over civil cases
where the amount in controversy exceeds $75,000 and the case is between citizens

of different states.  28 U.S.C. § 1332(a)(1).   For diversity jurisdiction, the
citizenship of an LLC such as Missouri Asphalt is the citizenship of each of its
members.  *E3 Biofuels, LLC v. Biothane, LLC*, 781 F.3d 972, 975 (8th Cir. 2015)
(citation omitted).   Here, Missouri Asphalt has represented that it is a Missouri
citizen because its members are Missouri residents.  (Doc. 1 at 3).

When an action is "removable solely on the basis of the jurisdiction under
[§] 1332(a)," the forum-defendant rule provides that the action "may not be
removed if any of the parties in interest properly joined and served as defendants is
a citizen of the State in which such action is brought."  28 U.S.C. § 1441(b)(2).
Here, there is no dispute that Missouri Asphalt is a Missouri defendant and that this
action, if removed solely on the basis of diversity jurisdiction, was improperly
removed to this Court and should be remanded.

It is most certainly for this reason that Missouri Asphalt completely
abandons its assertion of diversity jurisdiction in opposition to remand and
attempts instead to invoke this Court's federal question jurisdiction.  Bridgeton
cries foul at this eleventh-hour tactic to evade remand given that Missouri
Asphalt's Notice of Removal cites only the diversity jurisdiction statute (28 U.S.C.
§ 1332(a)(1)) in support of removal.  The Court will assume for purposes of
deciding this motion only that Missouri Asphalt's passing reference to "federal
questions permeat[ing]" this action, without any reference to, or invoking of, the

4

federal question statute (28 U.S.C. § 1331) in its statement of subject-matter jurisdiction is sufficient to preserve its argument that this Court has federal question jurisdiction over this matter.

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Bowler v. Alliedbarton Sec. Servs., LLC*, 123 F. Supp. 3d 1152, 1155 (E.D. Mo. 2015) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)). *See also Gaming Corp. of Am. v. Dorsey & Whitney*, 88 F.3d 536, 542 (8th Cir. 1996) ("The 'well-pleaded complaint rule' requires that a federal cause of action must be stated on the face of the complaint before the defendant may remove the action based on federal question jurisdiction.") (quoting *Caterpillar*, 482 U.S. at 392). Because federal law provides that plaintiffs are the "masters" of their claims, plaintiffs "may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar,* 482 U.S. at 392.

In cases where a cause of action based on a federal statute does not appear on the face of the complaint, preemption based on a federal statutory scheme may nevertheless apply in circumstances where "the pre-emptive force of a statute is so extraordinary that it converts an ordinary state common-law complaint into one stating a federal claim." *Caterpillar*, 482 U.S. at 393. *See, e.g., Metro. Life Ins.*

*Co. v. Taylor*, 481 U.S. 58 (1987) (former employee's claims alleging breach of contract, retaliatory discharge, and wrongful termination of disability benefits in state-court complaint were preempted by ERISA and necessarily federal in character; removal under 28 U.S.C. § 1441(a) was therefore proper).  "Where a complaint raises issues to which federal law applies with complete preemptive force, the Court must look beyond the face of the complaint in determining whether remand is proper."  *Green v. Arizona Cardinals Football Club, LLC*, 21 F. Supp. 3d 1020, 1025 (E.D. Mo. 2014*).  See also Strong v. Republic Servs., Inc.*, 283 F. Supp. 3d 759, 763 (E.D. Mo. 2017).  If upon such examination the Court finds that a federal statute provides "an exclusive cause of action for the claim asserted and also set[s] forth procedures and remedies governing that cause of action," it may conclude that plaintiffs have "simply brought a mislabeled federal claim" that could be asserted under some federal statute.  *Johnson v. MFA Petroleum Co.*, 701 F.3d 243, 247-48 (8th Cir. 2012) (internal quotation marks and citations omitted).

In addition, federal-question jurisdiction exists where state law claims implicate significant federal issues.  *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005).  "The doctrine captures the commonsense notion that a federal court ought to be able to hear claims recognized under state law that nonetheless turn on substantial questions of federal law[.]"  *Id.*

While there is no single test for jurisdiction over federal issues rooted in state-law claims between non-diverse parties, the relevant question is "does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities."  *Id.* at 314; *see also Baker v. Martin Marietta Materials, Inc.*, 745 F.3d 919, 924 (8th Cir. 2014).

Here, Bridgeton brings only state law claims for breach of the operating agreement, breach of a settlement agreement, and contractual indemnification under the operating agreement.  No federal claims are pleaded on the face of the state-court petition, and Missouri Asphalt does not argue – nor could it—that CERCLA completely preempts state law breach of contract claims.  Instead Missouri Asphalt argues that Bridgeton's request for a declaration that "Missouri Asphalt must indemnify [Bridgeton] for all losses, damages, and expenses that [Bridgeton] has incurred or will incur in responding to U.S. EPA's . . . claims or demands that [Bridgeton] investigate, remediate, or otherwise respond to contamination at the West Lake Landfill Site" "clearly invokes CERCLA's declaratory powers and seeks the exact same type of remedy sought in Plaintiff's pending federal claim."  (Doc. 25 at 5).  Missouri Asphalt's argument lacks any support in the law and is based upon a fundamental misunderstanding of CERCLA.

In Count III of its petition, Bridgeton alleges that in the operating agreement Missouri Asphalt agreed to indemnify Bridgeton for all damages and fees Bridgeton might sustain as a result of any governmental authority making a claim against Bridgeton which arises from Missouri Asphalt's activities, including the release of any hazardous materials.  (Doc. 6 at 16-20).  Bridgeton alleges that it has incurred costs and expenses in responding to cleanup demands from regulatory authorities, including the EPA, as a result of Missouri Asphalt's activities, and it therefore seeks indemnification from Missouri Asphalt and a declaration of rights of the respective parties under the operating agreement.  That some of these alleged damages incurred by Bridgeton result from demands made by the EPA under CERCLA does not mean that Bridgeton's contractual indemnification claim arises under, or is inextricably intertwined with, CERCLA.  CERCLA expressly permits parties to contract for indemnification of CERCLA liabilities, *see* Section 107(e)(1), and such contracts are interpreted under state law.  *See Mardan Corp. v. C.G.C. Music, Ltd.*, 804 F.2d 1454, 1458 (9th Cir. 1996); *Cooper Indust., LLC v. Spectrum Brands, Inc.*, Cause No. 2: 16 CV 39 CDP, 2018 WL 6018752, at *6 (E.D. Mo. Nov. 16, 2018) (applying New York law to determine which party assumed ultimate liability for CERCLA cleanup costs under asset purchase agreement).  Contrary to Missouri Asphalt's argument, indemnification agreements such as the one at issue here do not "lead to double recovery" or depend upon a

determination of CERCLA or any other federal law because "[c]ontractual arrangements apportioning CERCLA liabilities between private 'responsible parties' are essentially tangential to the enforcement of CERCLA's liability provisions. Such agreements cannot alter or excuse the underlying liability, but can only change who ultimately pays that liability." *Mardan Corp.*, 804 F.2d at 1459. Stated otherwise, this Court will determine whether, and to what extent, Bridgeton and/or Missouri Asphalt should contribute to the CERCLA cleanup costs that are at issue in Cause Number 4: 20 CV 1240 RWS, and that determination will be made without regard to the parties' private, separate contract for indemnification of those costs. Who ultimately bears responsibility for paying those costs will be determined based upon an interpretation of the operating agreement, which relies on Missouri, not federal, law.[4] That interpretation does not depend, in whole or in part, upon CERCLA or any other federal law and cannot give rise to federal question jurisdiction in this case.[5] Mere reference to federal

---

[4] Missouri Asphalt should review Judge Perry's *Cooper Indust., LLC v. Spectrum Brands, Inc.*, case to obtain clarity on how this process works (Cause No. 2: 16 CV 39 CDP). For example, Judge Perry first determined the parties' respective rights and obligations as to the ultimate responsibility for the CERCLA cleanup costs by interpreting the parties' agreement under New York law. *Cooper Indust., LLC v. Spectrum Brands, Inc.*, 2018 WL 6018752, at *6 (E.D. Mo. Nov. 16, 2018). However, she went on to allocate costs between the parties in the contribution claims brought under Section 113 of CERCLA without regard to the parties' agreement. *See*, *Cooper Indust., LLC v. Spectrum Brands, Inc.*, 412 F. Supp. 3d 1082, 1111 (E.D. Mo. 2019).

[5] Bridgeton seeks only indemnification for, and a declaration with respect to who ultimately bears responsibility for, monetary costs and damages. It does not seek injunctive relief and so does not interfere with any aspect of the EPA's remedial plan at the site. *See Kitchin v. Bridgeton Landfill, LLC*, 389 F. Supp. 3d 600, 615 (E.D. Mo. 2019).

statutes or laws in a state-court petition is not sufficient to create federal question jurisdiction.  *Bowler*, 123 F. Supp. 3d at 1158.  Accordingly, resolving all doubts against removal, the Court finds that Missouri Asphalt has failed to meet its burden of establishing that the state court petition raises any actually disputed and/or substantial issues arising under CERCLA sufficient to vest this Court with subject matter jurisdiction over this case.

Finally, Missouri Asphalt argues extensively that this action is related to the CERCLA case as a basis to support federal jurisdiction.  To the extent Missouri Asphalt's argument can be construed as one that a federal court's ancillary or supplemental jurisdiction provides an independent basis for removal, it is foreclosed by the Eighth Circuit's decision in *Motion Control Corp. v. SICK, Inc.*, 354 F.3d 702, 705-06 (8th Cir. 2003).  In *Motion Control*, the district court concluded that although the forum-defendant rule would preclude removal of the diversity action, it was not required to remand because it also had ancillary jurisdiction under 28 U.S.C. § 1367.  *Id.* at 705.  The Eighth Circuit disagreed, holding that "ancillary jurisdiction does not provide an independent source of removal separate from § 1441."  *Id.*  In reversing the district court, the Eighth Circuit explained that "while [28 U.S.C. § 1367] does allow factually related state law claims to be joined with the claim over which the federal district court has original jurisdiction, it plainly does not provide a separate basis for removal of

10

independent state law actions."  *Id.*   Remand was therefore required.  *Id.* at 706.

Therefore, that this case may be factually related to the pending CERCLA action

does not create a basis for removal here.

As the forum-defendant rule precludes removal of this diversity action to

federal court and there is no federal question jurisdiction over this case,

Bridgeton's motion to remand will be granted.  Finally, the Court denies

Bridgeton's belated prayer for fees and costs – raised for the first time in its reply

brief – for failure to timely raise the issue in the motion for remand so as to afford

Missouri Asphalt an opportunity to address the argument.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for remand [12] is

granted, and this case is remanded to the Circuit Court of St. Louis County,

Missouri under 28 U.S.C. § 1447(d).


_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 19th day of February, 2021.